# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **William D. Poole** | ) | |
| **6289 Freeport Drive** | ) | |
| **Spring Hill, FL 34608** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Docket** |
| | ) | **No:**_____ |
| **The Honorable Francis J. Harvey** | ) | (          ) |
| **Secretary of the Army** | ) | |
| **101 Army Pentagon** | ) | |
| **Washington, D.D. 20310-0101** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| **Also Serve:** | ) | |
| **The United States Attorney** | ) | |
| **For the District of Columbia** | ) | |
| **555 Fourth Street, NW** | ) | |
| **Washington, D.C. 20530** | ) | |
| | ) | |
| **The Attorney General of** | ) | |
| **The United States** | ) | |
| **10th & Constitution Ave., N.W.** | ) | |
| **Washington, D.C. 20530** | ) | |

## COMPLAINT

This is a complaint for declaratory judgment seeking to declare the decision of the

Army Board for Correction of Military Records denying relief to Plaintiff to have

been in error.

## JURISDICTION

1.    Jurisdiction in this matter is conveyed by 28 U.S.C. § 1331 and by the

       Administrative Procedure Act 5 U.S.C. § 702 et seq.

## VENUE

2.    Venue is proper as the Defendant is found in this District.

## PARTIES

3.    Plaintiff, William D. Poole, is a former United States Army Sergeant, E-5,

       having served fifteen years on active duty.

4.    Defendant, The Honorable Francis J. Harvey, in his official capacity, is the

       Secretary of the Army.

## FACTS

5.    Plaintiff entered the United States Army on June 28, 1983. He was promoted

       to Sergeant, E-5, on July 6, 1988.

6.    In April 1991 Plaintiff appeared before a promotion board for consideration

       for promotion to Staff Sergeant, E-6, was recommended for promotion and

       was placed on a standing list.

7.  Again in March 1995 Plaintiff appeared before a promotion board for consideration for promotion to Staff Sergeant, E-6, was recommended for promotion and was placed on a standing list.

8.  In April 1995 Plaintiff transferred from the 82nd Airborne Division at Fort Campbell, Kentucky, to McDill Air Force Base, Florida.

9.  Because a promotable Sergeant, E-5, was only permitted by regulation to serve for fifteen years, on July 19, 1998, Plaintiff involuntarily separated from the United States Army with full separation pay.

10. This form of separation has its authority under the provisions of Army Regulation 635-200. It is based on the "up or out" theory of service under Army Regulation 601-280 (Army Retention Program.) For a Sergeant, E-5, if he or she was promotable but not actually promoted to Staff Sergeant by the end of his or her fifteenth year of service, he or she was involuntarily separated. The fifteen year point is referred to as the "RCP."

11. The regulatory guidance in regard to years served to hit the RCP changed over time. Prior to November 1996 the term was thirteen years for a nonpromotable Sergeant, E-5. A nonpromotable Sergeant, E-5, was someone not placed on a promotion list. Plaintiff hit thirteen years in July 1996.

12. Nonetheless, the United States Army did not invoke Plaintiff's RCP in July 1996.

13. The reason that no action was taken in July 1996 is that Applicant was a "promotable Sergeant, E-5," based on his promotion selection in March of 1995. Promotable Sergeants, E-5, had an RCP by regulation of fifteen years. After November 1996 promotable and nonpromotable Sergeants, E-5, were given identical fifteen year treatment.

14. In April 1999 the RCP for promotable sergeants, E-5, was extended to 20 years, giving rise to the potential for full retirement at the rank of E-5.

15. For promotion from Sergeant, E-5, to Staff Sergeant, E-6, the promotion scheme involved a points system wherein multiple contributing elements were scored. Some of the points came from purely empirical considerations. They were the physical training score, civilian education, marksmanship, awards and military education. Other point sources were more subjective. They were promotion board points and commander points.

16. When these points were totaled and the needs of the United States Army were considered, a total point promotion cutoff was established. Those below the cutoff were not promoted. Those above were automatically promoted. No discretion was involved.

17. In March 1997 Plaintiff achieved 728 points. At that time the cutoff was 726 points. Applicant by regulation should have been promoted on that date.

18. From April through May of 1997 the cutoff continued to drop to 670 in Plaintiff's Military Occupational Specialty (MOS), 31F. Plaintiff during this period maintained 728 points.

19. Plaintiff still was not promoted in violation of the regulatory scheme.

20. On May 20, 2005, Plaintiff filed an application with the Army Board for Correction of Military Records (ABCMR) wherein Plaintiff requested that his promotion to Staff Sergeant, E-6, be recognized.

21. On February 21, 2006, the ABCMR denied relief.

22. In August 2006, Plaintiff sought reconsideration by supplying new evidence to the ABCMR which demonstrated that in March 1997 the cutoff was 726 points and that he had 728 points. On March 6, 2007, this request was also denied on the basis that there was no proof that on or after March 1997 Plaintiff was actually on a valid promotion recommended list and had maintained eligibility for promotion. There was conversely no proof that his March 1995 elevation to the promotion recommended list had been terminated in March 1997.

## CLAIM FOR RELIEF

23. Defendant and his agent's failure to grant Plaintiff relief by recognizing his automatic promotion under the regulatory scheme in March 1997 was

arbitrary and capricious, an abuse of discretion and contrary to law or regulation.

## RELIEF REQUESTED

24.  WHEREFORE, Plaintiff requests this Honorable Court to order Defendant to follow its own regulations and to promote Plaintiff to the rank of Staff Sergeant, E-6, as of March 1997 with all rights and privileges that flow therefrom.

Respectfully submitted,

Gary R. Myers
Counsel for Plaintiff
DC Bar # 157115
78 Clark Mill Road
Weare, NH  03281
Ph:  800-355-1095
Fax: 603-529-3009
E-mail: myers@mclaw.us

# CIVIL COVER SHEET

JS-44
(Rev. 1/05 DC)

## I (a) PLAINTIFFS

William D. Poole    88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

The Honorable Francis J. Harvey
Secretary of the Army

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Gary Myers, James Culp & Associates
78 Clark Mill Rd., Weare, NH 03281
800-355-1095

Case: 1:07-cv-01320
Assigned To : Kennedy, Henry H.
Assign. Date : 7/24/2007
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
(X) 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ A. Antitrust
☐ 410 Antitrust

☐ B. Personal Injury/ Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

(X) C. Administrative Agency Review
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff))
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
(X) 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.
*(If Antitrust, then A governs)*

☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

3

| □ G. Habeas Corpus/ 2255 | □ H. Employment Discrimination | □ I. FOIA/PRIVACY ACT | □ J. Student Loan |
|---|---|---|---|
| □ 530 Habeas Corpus-General <br> □ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | □ 895 Freedom of Information Act <br> □ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ K. Labor/ERISA (non-employment) | □ L. Other Civil Rights (non-employment) | □ M. Contract | □ N. Three-Judge Court |
|---|---|---|---|
| □ 710 Fair Labor Standards Act <br> □ 720 Labor/Mgmt. Relations <br> □ 730 Labor/Mgmt. Reporting & Disclosure Act <br> □ 740 Labor Railway Act <br> □ 790 Other Labor Litigation <br> □ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act) <br> □ 443 Housing/Accommodations <br> □ 444 Welfare <br> □ 440 Other Civil Rights <br> □ 445 American w/Disabilities-Employment <br> □ 446 Americans w/Disabilities-Other | □ 110 Insurance <br> □ 120 Marine <br> □ 130 Miller Act <br> □ 140 Negotiable Instrument <br> □ 150 Recovery of Overpayment & Enforcement of Judgment <br> □ 153 Recovery of Overpayment of Veteran's Benefits <br> □ 160 Stockholder's Suits <br> □ 190 Other Contracts <br> □ 195 Contract Product Liability <br> □ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

| ● 1 Original Proceeding | □ 2 Removed from State Court | □ 3 Remanded from Appellate Court | □ 4 Reinstated or Reopened | □ 5 Transferred from another district (specify) | □ Multi district Litigation | □ 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 701    Admn. Proc. Act

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23    DEMAND $ ○ Check YES only if demanded in complaint  JURY DEMAND: □ YES ● NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  □ YES ● NO  If yes, please complete related case form.

DATE 7/17/07  SIGNATURE OF ATTORNEY OF RECORD  CRM

24

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.