UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM D. POOLE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PETE GEREN )<br>Secretary of the Army, )<br>)<br>Defendant. )<br>_____ ) | Civil Action No. 07-1320 (HHK) |

### PLAINTIFF'S CROSSMOTION FOR SUMMARY JUDGMENT

Plaintiff, by counsel, moves for summary judgment on Plaintiff's claim pursuant to Rule 56 of the Federal Rules of Civil Procedure because there are no genuine issues as to any material fact and Plaintiff is entitled to judgment as a matter of law. In support of this motion Plaintiff respectfully submits the attached memorandum of points and authorities, a statement of material facts not in genuine dispute and a proposed order.

Respectfully submitted,

*/s/ Gary Myers*

Gary Myers
Counsel for Plaintiff
DC Bar #157115
78 Clark Mill Road
Weare, NH 03281
Tel: 800-355-1095
Fax: 603-529-3009
E-mail: myers@mclaw.us

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM D. POOLE )<br><br>Plaintiff, )<br><br>v. )<br><br>PETE GEREN )<br>Secretary of the Army, )<br><br>Defendant. ) | Civil Action No. 07-1320 (HHK) |

**MEMORANDUM OF POINTS AND AUTHORITY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND IN SUPPORT OF PLAINTIFF'S CROSSMOTION FOR SUMMARY JUDGMENT.**

## I. INTRODUCTION

Plaintiff agrees with Defendant's "Introduction".

## II. ARMY ENLISTED PROMOTION SYSTEM AND RCP POLICY

Plaintiff agrees with Defendant's "Army Enlisted Promotion system and RCP Policy".

## III. SUMMARY OF THE ARGUMENT

The Army Board for Correction of Military Records (ABCMR) erred in denying Plaintiff's request for reconsideration on whether he should have been promoted from E-5/SGT to E-6/SSG in March of 1997. (AR 87.) The ABCMR said that it denied Plaintiff' request because Plaintiff failed to show that he was on the promotion standing list in March 1997. Plaintiff proved then and now, through application of the facts to the applicable regulations that he must have been on the standing promotion list in March 1997, (AR 92, 93, 126). The applicable regulations required promotion if Plaintiff was on a standing promotion list and

had sufficient points, which he did. Defendant violated its own regulations by not promoting Plaintiff.

## IV.   STATEMENT OF THE FACTS

Plaintiff respectfully asks the court to refer to Plaintiff's Statement of Material Facts To Which There is No Genuine Dispute which has been filed simultaneously with this memorandum.

## V.   ARGUMENT

### A. The Court has Subject Matter Jurisdiction over Plaintiff's Claim that the Army Acted in Direct Conflict With its own Regulations.

#### 1.   Standard of Review

Plaintiff agrees with defendant's "Standard of Review for 12(b)(1)."

#### 2.   Plaintiff's Claim to Promotion is Justiciable.

Defendant correctly points out that under Kreis, this Court cannot order the promotion of the plaintiff, Kreis v. Secretary of the Air Force, 866 F.2d 1508, 1511 (D.C.Cir. 1989). This case however, is not a Kreis case because the requested relief is not a court directed promotion. Rather it is for this Court to "order Defendant to follow its own regulations." (Compl. ¶ 24.) The applicable regulation states that "soldiers will be eligible for promotion on the first day of the third month following the selection month," and that "promotions are only authorized during the month for which the cutoff score is met." Army Reg. 600-8-19, Enlisted Promotions and Reductions, ¶ 3-34e, k (1 Nov. 1991).

Such a promotion is a *non-discretionary* promotion, meaning that the Army does not have a choice and they must promote Plaintiff if his status comports with the regulatory

2

scheme; namely, that he was on a standing promotion list and had points above the cutoff. This is different from a *discretionary* promotion where the Army has a choice of whether to promote a soldier, as was the case in Kreis. The plaintiff in Kreis appealed a discretionary decision made by the Secretary of the Air Force. 866 F.2d at 1509. The plaintiff was accused of "acting inappropriately" and was deselected for promotion. Id. After a number of appeals to the AFBCMR, he was reconsidered for promotion and was again denied by the Secretary. Id. at 1510. In Kreis, the Secretary of the Air Force had complete discretion on whether to promote the plaintiff. See Id. at 1509-10.

Here, Defendant has no discretion on whether to promote Plaintiff. See Army Reg. 600-8-19, Enlisted Promotions and Reductions, ¶ 3-34e, k. Where Kreis was asking the court to "second-guess the Secretary's decision," here, Plaintiff asks this Court to "order Defendant to follow its own regulations." 866 F.2d at 1511; (Compl. ¶ 24.) Kreis was not justiciable, in part, because the plaintiff requested a promotion from the court. 866 F.2d at 1511. The Plaintiff in this case is not requesting a promotion; rather he requests that the Army follow its regulations. (AR Compl. ¶24.) Accordingly, this case is justiciable under the Administrative Procedure Act. 5 U.S.C. § 704; (AR 87.)

**B. This Court Should Grant the Plaintiff's Motion for Summary Judgment Because the Defendant's Decision was contrary to Army Regulation.**

    **1.  Standard of Review for Summary Judgment**

Plaintiff agrees with Defendant's "Standard of Review."

    **2.  Review is Limited Under the Administrative Procedure Act**

Plaintiff agrees with Defendant's "Review is Limited under the Administrative Procedure Act."

### 3. Defendant Violated Army Regulation 600-8-19 by Failing to Promote Plaintiff when he was on the Promotion Standing List and had 728 Points in March 1997.

The Defendant acted arbitrarily and capriciously, and contrary to regulation by denying Plaintiff's request for reconsideration. Specifically, in the ABCMR's decision dated 6 March 2007, it stated that "[t]here is no available evidence showing that [Plaintiff] was actually on a valid promotion recommended list on or after March 1997." (AR 90.) However, Plaintiff submitted clear evidence with his request for reconsideration to the ABCMR that showed that he must have been on a valid promotion recommended list on or after March 1997. (AR 93.) Unless Defendant can point to a valid historical promotion recommendation list from March 1997 that does not contain Plaintiff's name, Defendant cannot reasonably and fairly deny Plaintiff's claim.

On 31 July 2006, Plaintiff submitted a request for reconsideration to the ABCMR indicating that he should have been promoted to E-6/SSG in March 1997. (AR 92-123.) Simply stated, his reasoning was that he was on the promotion standing list and he had 728 points, more than the required 726 cutoff points. (AR 93.) A portion of the supporting materials included in this appeal was a breakdown of all the points Plaintiff claimed to have as of March 1997, and the supporting documentation of how he received all 728 points. (AR 94-112.) Despite his attempts, the ABCMR denied Plaintiff's request for reconsideration on 6 March 2007, citing as their reason that "the evidence presented does not demonstrate the

4

existence of a probable error or injustice." (AR 91.) This decision by the ABCMR was arbitrary and capricious, and not supported by Army Regulation.

Specifically, if Plaintiff was on the promotion standing list with more points than the cutoff, he should have been promoted. See Army Reg. 600-8-19, Enlisted Promotions and Reductions, ¶ 3-34e, k (1 Nov. 1991). Under the regulation this would have been a non-discretionary promotion meaning that if Plaintiff met the two criteria, he would be promoted. Id. He met the criteria, but was not promoted. (AR 87, 93, 96-97.)

Plaintiff met the first criterion by being on the promotion standing list in March 1997. (AR 93.) He became eligible for promotion as an E-5/SGT, and placed on the promotion standing list, in June 1995 after appearing before a promotion board at Fort Bragg, North Carolina. (Compl. ¶¶ 7, 13; AR 95.) The evidence clearly shows that following June 1995, Plaintiff remained on the promotion standing list through March 1997. (AR 93.) Between October 1995 and March 1997, the Retention Control Policy (RCP) that applied to Plaintiff provided that the RCP for non-promotable E-5/SGT was 13 years, however it increased to 15 years for promotable E-5/SGT. See Army Reg. 601-280, Army Retention Program, Table 3-1 (29 Sept. 1995). About a year later, in June of 1996, Plaintiff reached the 13 year RCP, however he was not separated from the Army because he was promotable and had a 15 year RCP. (Compl. ¶ 13.) It follows that if Plaintiff had been removed from promotable status between June 1996 and March 1997, he would have been separated immediately. See Army Reg. 601-280, Army Retention Program, Table 3-1. Plaintiff was never separated during this time period, and therefore, the evidence demonstrates that because Plaintiff was never separated before March 1997, he was on the promotion standing list in March 1997.

Furthermore, Defendant points to a number of reasons why a soldier may be removed from the promotion standing list but failed to provide even a scintilla of evidence indicating that Plaintiff fell into one of those categories. Defendant argues that the ABCMR's denial was proper in lieu of the reasons for removal from the list and because no evidence was presented by Plaintiff to the contrary. However, in Plaintiff's request for reconsideration, he presented the same evidence presented above indicating that because he had not been separated, he was on the promotion standing list. (AR 93.) Basing an ABCMR decision on reasons that a soldier could be removed from the list, but not having any evidence that he was so removed is arbitrary and capricious and an abuse of discretion.

Plaintiff provided substantial evidence that he met the second criteria. The cutoff score for promotion in March 1997 was 726 points. Plaintiff had 728 points during the same month. (AR 96-97.) Accordingly, he should have been promoted in March 1997, because he met both of the criteria. The decision to promote was non-discretionary and was required by operation of the regulation.

Plaintiff also provided evidence that the cutoff score dropped below 700 for April and May 1997. (AR 96.) If he was not promoted in March 1997, he certainly should have been promoted in May or April 1997.

The ABCMR incorrectly interpreted the evidence presented by Plaintiff, and did not provide a rational explanation for denying his request. Plaintiff provided evidence that he was on the promotion standing list in March 1997. The ABCMR did not recognize this simple truth, and subsequently acted arbitrarily and capriciously, and contrary to Army Regulation.

Without citing a valid promotion recommendation list from March 1997 that does not contain Plaintiff's name, Defendant cannot reasonably and fairly deny the Plaintiff's claim.

Plaintiff has met his burden of providing cogent and clearly convincing evidence to overcome the presumption that the ABCMR discharged its duties correctly, lawfully and in good faith. See Smith v. Dalton, 927 F. Supp. 1, 4 (D.D.C. 1996); Kisser v. Cisneros, 14 F.3d 615, 619 (D.C. Cir. 1994). The only evidence presented as to whether Plaintiff was on the promotion standing list in March 1997 shows that he was on the list. The Army Regulation required promotion.

## VI.   CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment and Motion to Dismiss should be denied, and Plaintiff's Motion for Summary Judgment should be granted.

Respectfully submitted,

*GEM*

Gary Myers
Counsel for Plaintiff
DC Bar #157115
78 Clark Mill Road
Weare, NH 03281
Tel: 800-355-1095
Fax: 603-529-3009
E-mail: myers@mclaw.us

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM D. POOLE )
)
Plaintiff, )
)
v. )
) Civil Action No. 07-1320 (HHK)
PETE GEREN )
Secretary of the Army, )
)
Defendant. )
_____ )

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS TO WHICH THERE IS NO GENUINE DISPUTE

Pursuant to LCvR 7(h) and in support of Plaintiff's Opposition to Defendant's Motion to Dismiss and Defendant's Motion for Summary Judgment and in Support of Plaintiff's Motion for Summary Judgment, Plaintiff respectfully submits this Statement of Material Facts to Which There Is No Genuine Dispute. The Administrative Records submitted by Defendant is designated "AR." The numbering of the below paragraphs corresponds to Defendant's numbered paragraphs in Defendant's statement of material facts. Where Plaintiff agrees with Defendant's rendition of the facts, "Agreed" is employed.

1. Agreed

2. Agreed

3. Agreed

4. Agreed

5. Agreed

6. Agreed

7. Agreed

8. Agreed

9. In April and May of 1997, acting against regulation, Defendant failed to promote Plaintiff when Plaintiff was eligible for promotion and had more than the cutoff number of points necessary for promotion by regulation. (Comp. ¶¶ 18, 19; AR 96-97.) On February 10, 1998, prior to reaching his separation date, Plaintiff extended his enlistment contract for two months to reach his fifteen year RCP date. (AR 197). As a result, Plaintiff's separation date was July 19, 1998. (AR 197.)

10. Agreed

11. Agreed

12. Agreed

13. Agreed

14. Agreed

15. Agreed

16. Agreed

17. Agreed

18. As of March 1997, the cutoff score for MOS 31F was 726. Plaintiff had 728 points. (AR 30-31.)

Respectfully submitted,

*(signature)*

Gary Myers
Counsel for Plaintiff
DC Bar #157115
78 Clark Mill Road
Weare, NH 03281
Tel: 800-355-1095
Fax: 603-529-3009
E-mail: myers@mclaw.us

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM D. POOLE )<br><br>   Plaintiff, )<br><br>  v. )<br><br>PETE GEREN )<br>Secretary of the Army, )<br><br>   Defendant. ) | Civil Action No. 07-1320 (HHK) |

## ORDER

This Court, having considered Defendant's motions to dismiss and for summary judgment and Plaintiff's crossmotion for summary judgment along with supporting memoranda of points and authorities hereby issues the following order:

ORDERED that Defendant's motion to dismiss is DENIED, and

ORDERED that Defendant's motion for summary judgment is DENIED, and

FURTHER ORDERED that Plaintiff's motion for summary judgment is GRANTED.

_____
District Court Judge