UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM D. POOLE, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) Civil Action No. 07-1320 (HHK) |
| PETE GEREN<br>Secretary of the Army, | ) ) ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S REPLY
TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO DISMISS AND MOTION FOR SUMMRAY JUDGMENT,
AND DEFENDANT'S OPPOSITION TO PLAINTIFF'S CROSS-MOTION
FOR SUMMARY JUDGMENT.**

Introduction

Defendant in his reply recognized by silence that this claim is justiciable and that the claim is about conformance with regulation and not about discretion.

Defendant in his reply produced data which Defendant asserts demonstrates that the ABCMR was not arbitrary and capricious in its ruling.

Plaintiff has the burden by a preponderance of the evidence to prove error.

The newly produced data demonstrates that Plaintiff was on a promotion list in 1997. This fact was completely consistent with Plaintiff's circumstantial showing that Plaintiff was on such a list. The direct proof provided by Defendant is no more compelling than the circumstantial proof provided by Plaintiff.

I. Under Army Regulation 600-8-19 In Effect In 1997 Plaintiff Was Eligible For Promotion And Should Have Been Promoted.

Army Regulation 600-8-19 provides for automatic promotion "on the first day of the third month following the <u>scheduled</u> recomputation month." [Emphasis added.] Def. Ex. E, Army Regulation, 600-8-19 ¶ 3-22.j. The regulation does not say as the government asserts that the promotion becomes effective "following an annual computation." Def. Reply Brief at 3.

Pursuant to Army Regulation 600-8-19, ¶ 3-22.a., "Promotion points must be recomputed 12 months (plus or minus one month) after the last computation (initial board, reevaluation, or recomputation) without local board action."

This means that the recomputation following the March 1996 recomputation was permissible in February, March or April of 1997.

From the Declaration of Thomas Erickson, an exhibit in Defendant's reply brief, it is known that the computation prior to 1997 was done in March 1996. Erickson Declaration at pp. 2&3.

From the Declaration it is also known that the recomputation in 1997 was done in April. Erickson Declaration, p. 3. This recomputation in 1997 was done 13 months after the March 1996 annual recomputation and was permissible within the regulation.

The Defendant's position is that the effective date, given the April recomputation date, should be June 1, 1997. June 1, 1997, is the first day of the third month following the actual recomputation month.

The inquiry remains whether June 1, 1997, is the first day of the third month following the <u>scheduled</u> recomputation month.

It is Plaintiff's position that the "scheduled recomputation month" was March of 1997 in Plaintiff's case. Therefore, even though recomputation actually occurred in April 1997, for regulatory purposes the record date should have been March 1997.

Under Plaintiff's theory with March 1997 as the operative date, the "first day of the third month following the scheduled recomputation month" was May 1, 1997. On May 1, 1997 Plaintiff would, therefore, have had 725 points, the cutoff would have been 670 points and Plaintiff would have been promoted on 1 May 1997. See, Erickson Declaration for cutoff points for May 1, 1997.

The reason that the words "scheduled recomputation month" were utilized in the regulation was specifically to account for the backward or forward drift that could otherwise occur in computation dates if the actual date of computation were utilized given that the actual date could vary over three months.

Below is what could occur if the actual date system proposed by the government were to apply.

|        | Soldier A | Soldier B |
|--------|-----------|-----------|
|        | Mar 95    | Mar 95    |
| Year 1 | Apr 96    | Feb 96    |
| Year 2 | May 97    | Jan 97    |
| Year 3 | Jun 98    | Dec 97    |
| Year 4 | Jul 99    | Nov 98    |
| Year 5 | Aug 00    | Oct 99    |
| Year 6 | Sep 01    | Sep 00    |

Soldier A with a plus one month recomputation date would be recomputed six times in six years and six months. Soldier B with a minus one month recomputation date would be recomputed six times in five years and six months. Such a system creates potential imbalances between soldiers. Only a system which maintains a steady recomputation month avoids that prospect.

Plaintiff's position is that recomputations are mandatory, Army Regulation 600-8-19 ¶ 3-22. f, and are scheduled for 12 months after the prior scheduled computation. Army Regulation 600-8-19 ¶ 3-22. a. The onset of computations was March 1995 when the board first met. Erickson Declaration. p.2. Each scheduled recomputation was set for March of the following years. In March 1997 Plaintiff had points over the cutoff yielding a May 1, 1997 promotion.

Conclusion

For the foregoing reasons Summary Judgment in favor of Plaintiff should be granted.

Respectfully submitted,

Gary Myers
Counsel for Plaintiff
DC Bar #157115
78 Clark Mill Road
Weare, NH 03281
Tel: 800-355-1095
Fax: 603-529-3009
E-mail: myers@mclaw.us