UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM D. POOLE,<br><br>            Plaintiff,<br><br>     v.<br><br>THE HONORABLE FRANCIS J. HARVEY,<br>Secretary of the Army,<br><br>            Defendant. | Civil Action 07-01320 (HHK) |

MEMORANDUM OPINION

William Poole ("Poole"), a former United States Army E-5/Sergeant, brings this action against Francis J. Harvey, Secretary of the Army ("Secretary"), in his official capacity, asserting that the Army Board for Correction of Military Records ("ABCMR") acted arbitrarily and capriciously when it did not retroactively promote him to E-6/Staff Sergeant. The Secretary moves to dismiss this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) in part and for summary judgment pursuant to Fed. R. Civ. P. 56 in part. Poole cross-moves for summary judgment. Upon consideration of the motions, the oppositions thereto, and the record of the case, the court concludes that both motions must be granted in part and denied in part.

I. BACKGROUND

Poole served on active duty in the Army from 1983 to 1998 and was discharged on July 19, 1998, pursuant to the Army's Retention Control Point ("RCP") policy. Pursuant to this policy, if a soldier does not reach a certain rank by promotion within a certain time frame he is discharged. The RCP fluctuates over time. At the time of Poole's discharge, the RCP required

soldiers to attain the rank of E-6/Staff Sergeant within fifteen years. Poole was discharged because he failed to attain the rank of E-6/Staff Sergeant by his fifteen year mark.

Poole applied to the ABCMR for retirement pay and benefits. Poole asserted that the Army changed its RCP policy after he was discharged and that under this new policy soldiers had twenty years, instead of fifteen years, to attain the rank of E-6/Staff Sergeant. Poole asserted further that this policy change applied retroactively and that pursuant to the new policy, he would have been able to serve twenty years and retire with full benefits. The ABCMR denied Poole's request on the grounds that the change in policy was not retroactive.

Poole then submitted a request for reconsideration, in which he raised a different argument as to why he was entitled to retirement pay and benefits. In his request for reconsideration, Poole asserted that he should have been promoted to E-6/Staff Sergeant in March 1997, fifteen months prior to his discharge.

To be promoted, a soldier must complete several steps. First, he must attain a certain number of "points" in the field and be recommended for promotion by a unit commander. The soldier receives points for various activities, such as civilian education programs, military education programs, and marksmanship. The points that a soldier receives are documented in a "promotion packet." The soldier then appears in front of a promotion board, which awards additional points and decides whether to recommend him for promotion to the Battalion Commander. If the promotion board recommends the soldier for promotion and the Battalion Commander approves the recommendation, he is placed on a promotion standing list.

A soldier can then be promoted on the first day of the third month following the promotion board's recommendation,[1] provided that two criteria are met. First, a soldier must still appear on a promotion standing list. Second, the soldier must have enough "points" to meet or exceed a minimum "cut-off." The number of points necessary to meet this "cut-off" fluctuates over time. Accordingly, a soldier can be on the promotion standing list but not have the minimum number of points necessary for promotion.[2]

In his request for reconsideration, Poole contended that he met these two criteria in March 1997. Poole submitted letters from his former First Sergeant and Command Sergeant Major that stated that he had been placed on a promotion standing list in 1991 and again in 1995. Poole contended that he must have still been on a promotion standing list in March 1997 because he was still in the Army at this time. Poole pointed out that, in March 1997, the RCP for soldiers who were *not* on a promotion standing list was thirteen years, and the RCP for soldiers who were on a promotion standing list was fifteen years. In April 1997 the Army increased the RCP for soldiers not on a promotion standing list to fifteen years. Poole reached the thirteen year mark in June 1996, but he was not discharged at that time. Poole contended that, had he not been on a promotion standing list between June 1996 and April 1997, he would have been immediately discharged because he would have been in the Army while the thirteen year RCP was in effect.

---

[1] For example, a soldier recommended in January 1991 would be eligible for promotion on April 1, 1991, provided that the Battalion Commander approved the recommendation.

[2] For example, a soldier might be placed on the standing list with 550 points. The position into which the soldier seeks promotion may require 600 points, however. Thus, a soldier might be on the promotion standing list but not be qualified for promotion.

Poole concluded that the fact that he was still in the Army in March 1997 proved that he was on a promotion standing list.

Poole also asserted that he met the points "cut-off." In March 1997 the points "cut-off" was 726 points. While Poole was unable to submit a copy of his original promotion packet to the ABCMR, he submitted a "reconstructed" promotion packet. In this reconstructed promotion packet, he documented the points that he received. Poole contends that this reconstructed packet demonstrated that he received 728 points by March 1997, which was two points above the points "cut-off."

The ABCMR denied Poole's request for retroactive promotion. The ABCMR concluded that while the reconstructed promotion packet showed that he probably had enough points to achieve the March 1997 points "cut-off," there was no evidence that he was on the promotion standing list in March 1997.

## II. ANALYSIS

Poole moves for summary judgment asserting that the ABCMR's decision not to retroactively promote him was arbitrary and capricious, and he seeks a court order that would require the Secretary to retroactively promote him.[3] Poole asserts that he was qualified for promotion in March 1997 because, at this time, he: (1) was on a promotion standing list and (2) met the points "cut-off." The Secretary cross-moves to dismiss this action insofar as it seeks a court order that would require Poole's promotion on the grounds that this court has no jurisdiction to review and order military promotion decisions. The Secretary recognizes,

---

[3] Poole does not challenge the ABCMR's decision that the 1999 change in RCP is not retroactive.

4

however, that this court has jurisdiction to ensure that the decision of the ABCMR rejecting Poole's claim was not arbitrary, capricious, contrary to law, or unsupported by substantial evidence. With respect to the decision of the ABCMR rejecting Poole's claim, the Secretary moves for summary judgment on the grounds that the ABCMR gave full consideration to Poole's claim that he should have been promoted and reasonably found that there was no evidence that Poole was on a promotion standing list in March 1997.

The Secretary is correct that this court does not have jurisdiction to review and order military promotion decisions. Accordingly, the court dismisses Poole's claim insofar as he requests that this court order his retroactive promotion. As the Secretary acknowledges, this court does have jurisdiction to determine whether the ABCMR's decision was arbitrary and capricious. The court concludes that the ABCMR's decision was arbitrary and capricious because the ABCMR did not respond to Poole's argument that he must have been on a promotion standing list in March 1997 because he had not been discharged from the Army.[4]

**A.      This Court Does Not Have Jurisdiction to Review and Order Military Promotions**

The Secretary asserts that this court does not have jurisdiction to review and order military promotion decisions. The Secretary's argument is well-taken. As the D.C. Circuit stated:

---

[4] This court reviews motions to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of establishing that the court has jurisdiction, but the court must accept as true the non-movant's factual allegations. *Radack v. United States Dep't of Justice*, 2006 WL 2024978, at *2 n.2 (D.D.C. July 17, 2006). And while summary judgment is appropriate to resolve disputes over final administrative actions, the court does not employ the standard under Fed. R. Civ. P. 56. The court instead applies the standard of review under the relevant statute and the Administrative Procedure Act. *Weingartner v. Wynne*, 2007 WL 950083, at *2 n.2 (D.D.C. March 28, 2007) (slip copy).

> [J]udges are not given the task of running the Army. The responsibility for setting up channels through which [complaints of discrimination, favoritism, *et cetera* ] can be considered and fairly settled rests upon the Congress and upon the President of the United States and his subordinates. The military constitutes a specialized community governed by a separate discipline from that of the civilian. Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters.

*Kreis v. Sec'y of the Air Force,* 866 F.2d 1508, 1511 (D.C. Cir.1989) (brackets in original) (*quoting Orloff v. Willoughby,* 345 U.S. 83, 93-94 (1953)). Accordingly, requests for retroactive military promotions fall "squarely within the realm of nonjusticiable military personnel decisions." *Id.* Thus, to the extent Poole requests that this court order the ABCMR to retroactively promote him, this court does not have jurisdiction to order Poole's promotion.[5]

**B.    This Court Has Jurisdiction to Determine Whether the ABCMR's Decision is Arbitrary, Capricious, Contrary to Law, or Unsupported by Substantial Evidence**

This court does, however, have jurisdiction under the Administrative Procedures Act to determine whether the ABCMR's decision was arbitrary, capricious, contrary to law, or unsupported by substantial evidence. *Frizelle v. Slater*, 111 F.3d 172, 176 (D.C. Cir. 1997). As with traditional review of administrative agency actions, the court will not disturb the decision so

---

[5] Poole asserts that *Kreis v. Sec'y of the Army*, 866 F.2d 1508 (D.C. Cir. 1989), does not apply to the instant action because *Kreis* involved a discretionary promotion whereas the promotion at issue in this case, a promotion from E-5/Sergeant to E-6/Staff Sergeant, is non-discretionary. The Secretary rejoins that *Kreis* is applicable because the promotion at issue in this case is discretionary. Poole cites no support for his argument. It is clear that the promotion process at issue here contains numerous discretionary steps. For example, soldiers must be recommended for promotion by their unit commanders and battalion commanders must approve of the recommendation. Accordingly, the court rejects Poole's attempt to distinguish *Kreis*, 866 F.2d 1508.

long as the deciding body "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action, including a 'rational connection between the facts found and the choice made.'" *Kreis v. Sec'y of the Air Force,* 406 F.3d 684, 686 (D.C. Cir. 2005) (*quoting Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983)).  That is, this court has jurisdiction to determine whether "the Secretary's decision making process was deficient, not whether his decision was correct." *Kreis*, 866 F.2d at 1511; *see also Weingartner v. Wynne*, 2007 WL 950083, at *2 (D.D.C. March 28, 2007).

Even though this court's analysis of the ABCMR's decision incorporates the core "arbitrary or capricious" standard of traditional administrative law, this court utilizes an "unusually deferential application" of that standard.  *Cone v. Caldera,* 223 F.3d 789, 793 (D.C. Cir. 2000) (*quoting Kreis*, 866 F.2d at 1514).  A party seeking judicial review of a decision by the ABCMR must "overcome the strong but rebuttable presumption that administrators of the military discharge their duties correctly, lawfully, and in good faith." *Frizelle*, 111 F.3d at 177 (internal quotation omitted).  "This deferential standard is calculated to ensure that the courts do not become a forum for appeals by every soldier dissatisfied with his or her ratings, a result that would destabilize military command and take the judiciary far afield of its area of competence." *Cone*, 223 F.3d at 793.  Thus, when the court reviews the "final decision of a military correction board, the court has a very limited scope of review." *Epstein v. Geren*, 539 F. Supp. 2d 267, 275 (D.D.C. 2008).  That is, "the function of [the court] is not to serve as a super correction board that reweighs the evidence." *Id.* (internal quotation omitted).

The ABCMR's decision need not be "a model of analytic precision to survive a challenge.  A reviewing court will 'uphold a decision of less than ideal clarity if the [ABCMR's]

path may reasonably be discerned.'" *Dickson v. Sec'y of Defense*, 68 F.3d 1396, 1404 (D.C. Cir. 1995) (quoting *Bowman Transp., Inc. v. Arkansas-Best Motor Freight Sys.*, 419 U.S. 281 (1974)). The ABCMR's explanation must, however, "minimally contain 'a rational connection between the facts found and the choice made.'" *Id.* (quoting *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43). Furthermore, the ABCMR must respond to all non-frivolous arguments raised by the applicant. If the ABCMR does not respond to non-frivolous arguments, the ABCMR's decision is arbitrary. *Frizelle*, 111 F.3d at 177; *Epstein*, 539 F. Supp. 2d at 277.

**C.     The ABCMR's Decision is Arbitrary and Capricious**

Poole asserts that the ABCMR's decision is arbitrary and capricious because it concludes that there is no evidence that Poole was on a promotion standing list in March 1997. Poole asserts that he proved that he was on a promotion standing list because he provided evidence that: (1) he was on a promotion standing list in 1991 and 1995 and (2) he was still enlisted in the Army in March 1997. Poole contends that he could not have been enlisted in the Army in March 1997 unless he was on a promotion standing list. Poole asserts that the burden then shifted to the Secretary to come forward with evidence that Poole was not on a promotion standing list. Poole contends that because the Secretary did not provide any evidence that Poole was not on a promotion standing list, the ABCMR's decision to deny retroactive promotion is arbitrary and capricious.

The Secretary rejoins that Poole improperly attempts to shift the burden of proof. The Secretary contends that the burden of producing evidence to the ABCMR remained with Poole at all times. The Secretary contends that the ABCMR's determination was neither arbitrary nor capricious because the ABCMR used a relevant factor – whether Poole's name appeared on a

promotion standing list – in determining whether Poole was improperly denied a promotion. The Secretary notes that Poole was unable to provide the ABCMR with a copy of a promotion standing list from March 1997 with his name on it. Accordingly, the ABCMR denied Poole's application because Poole could not show that his name definitely appeared on a promotion standing list in March 1997. The Secretary argues that there was a rational connection between the lack of evidence that Poole was on a promotion standing list and the ABCMR's decision not to promote him.

  The Secretary is correct that the burden of proof remained with Poole at all times. ABCMR proceedings are governed by Army Regulation 15-185, codified at 32 C.F.R. § 581.3. This regulation provides that "[t]he ABCMR begins its consideration of each case with the presumption of administrative regularity," and that "the applicant has the burden of proving an error or injustice by a preponderance of the evidence." 32 C.F.R. § 581.3(e)(2). It does not provide for any burden-shifting scheme. Thus, Poole, rather than the Secretary or the ABCMR, had the burden of demonstrating that the Army erred by not promoting him. *See Lassalle v. Geren*, 2007 WL 1238871, at *3 (D.D.C. April 27, 2007) (*citing* 32 C.F.R. § 581.3(c)(2) & (e)(3) and recognizing that the ABCMR must determine, "based on the evidence of record, whether the preponderance of the evidence shows that an error or injustice exists").

  Although the applicant – here Poole – has the burden of presenting evidence, the ABCMR still must respond to all non-frivolous and potentially meritorious arguments an applicant raises. *Frizelle*, 111 F.3d at 177 (stating that a military corrections board acts arbitrarily when it fails to respond to non-frivolous arguments); *Appleby v. Harvey*, 517 F. Supp. 2d 253, 261 (D.D.C. 2007) ("a plaintiff can establish that the Board's decision-making process

was flawed and in violation of the APA by showing that the Board did not consider or respond to an argument that did not appear to be 'frivolous' on its face and could affect the Board's ultimate disposition").

The ABCMR rejected Poole's request for a promotion because Poole was unable to provide the ABCMR with a promotion standing list with his name on it. Administrative Record ("AR") 90 (stating that Poole's application was rejected because there was no evidence showing that Poole "was actually on a valid promotion recommended list on or after March 1997, and had maintained eligibility for promotion"). The ABCMR recognized that Poole had submitted evidence that he was on a promotion standing list in 1991 and 1995, but concluded that this evidence "only relate[s] to what happened in 1991 and 1995" and did not demonstrate that Poole was on a promotion standing list in March 1997. AR 91.

While this explanation is reasonable, it fails to address Poole's primary argument to the ABCMR – that he must have been on a promotion standing list because, otherwise, he would have been discharged from the Army by March 1997. Because the ABCMR failed to address this argument, the ABCMR did not comply with its obligation to address all non-frivolous and potentially meritorious arguments raised by an applicant.

In its motion for summary judgment, the Secretary attempts to provide the missing explanation. The Secretary explains that a soldier who is placed on a promotion standing list can be removed if he fails a physical fitness test, fails to qualify for a required security clearance, or is placed in a weight control program. The Secretary argues that, because of the possibility that any of these events took place between 1995 and 1997, Poole needed to prove that he was on a

promotion standing list in 1997 rather than proving that he was on a promotion standing list in 1991 and 1995.

Whatever the merits of the Secretary's explanation, the court cannot consider this explanation because it is not part of the administrative record. The Secretary provides this explanation for the first time in response to Poole's petition for judicial review. It is a "fundamental rule of administrative law" that a court reviewing an agency's decision "must judge the propriety of [agency] action solely by the grounds invoked by the agency." *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947); *see also Camp v. Pitts*, 411 U.S. 138, 142 (1973). Because the Secretary's explanation as to why Poole may have been removed from a promotion standing list is neither in the ABCMR decision nor in the administrative record, it is an improper *post hoc* justification.[6]

Accordingly, because Poole's argument to the ABCMR was non-frivolous and potentially meritorious and the ABCMR failed to address it, this court has no choice but to determine that the ABCMR's decision was arbitrary and capricious.

### III. CONCLUSION

For the foregoing reasons, the court concludes that the Secretary's motion to dismiss for lack of subject matter jurisdiction must be granted and the Secretary's motion for summary

---

[6] For the same reasons, the court will not address the Secretary's argument, raised in its Opposition brief, that Poole did not have enough points to meet the cut-off score. The ABCMR declined to retroactively promote Poole because there was no evidence that Poole was on a promotion standing list, but found that Poole "probably had enough administrative points to achieve the cut-off score." AR 91. The Secretary now argues that the Army's personnel database demonstrates that Poole did not meet the cut-off. In so arguing, the Secretary is improperly relying on grounds other than those invoked by the ABCMR, as well as evidence that is not in the administrative record.

judgment must be denied.  The court concludes that Poole's motion for summary judgment must be granted insofar as it contends that the ABCMR's decision is arbitrary and capricious and denied insofar as it requests that this court order Poole's retroactive promotion.  An appropriate order accompanies this memorandum opinion.

                                              Henry H. Kennedy, Jr.
                                              United States District Judge